**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | |
| JUAN AGUILAR, | § | No. SA-14-CR-223-XR |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

In this case Aguilar was found guilty by a jury of violating 18 U.S.C. § 2243(b), sexual abuse of an adult ward (prison inmate). The Government has requested that this Court require the Defendant to register as a sex offender. If Aguilar is a sex offender under SORNA, this Court is required to impose appropriate supervision conditions. *See* 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under [SORNA] that the person comply with the requirements of that Act."). *See e.g., United States v. Becker*, 682 F. 3d 1210 (9th Cir. 2012).

Accordingly, the Court must first determine whether Aguilar is a sex offender as that term is defined in 42 U.S.C. § 16911. The term "sex offender" means an individual who was convicted of a sex offense. *Id*. In turn, a "sex offense" is defined in section 16911(5) as follows:

(A) Generally

Except as limited by subparagraph (B) or (C), the term "sex offense" means--

**(i)** a criminal offense that has an element involving a sexual act or sexual contact with another;

**(ii)** a criminal offense that is a specified offense against a minor;

1

        **(iii)** a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;

        **(iv)** a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or

        **(v)** an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

(B) Foreign convictions

A foreign conviction is not a sex offense for the purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused under guidelines or regulations established under section 16912 of this title.

(C) Offenses involving consensual sexual conduct

An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

42 U.S.C.A. § 16911.

18 U.S.C. § 2243 is within chapter 109A of Tile 18.  Accordingly, unless subparagraph (C) applies, Aguilar has committed a "sex offense."  Subparagraph (C) states that an offense involving consensual sexual conduct is not an offense, unless the adult was under the custodial authority of Aguilar.

The jury in this case was not required to find if the sex act Aguilar engaged in was consensual because consent is no defense under 18 U.S.C. §2243.  Further, under section 2243, a defendant may be held criminally liable for knowingly engaging in a sexual act with a federal prisoner if the victim is "under the custodial, supervisory, or disciplinary authority of the person so engaging."  Aguilar exercised supervisory authority over the victim.

The Court agrees with the Government that had the Defendant exercised custodial authority over the adult, male inmate, the Defendant would be required to register as a sex offender under SORNA.  *See U.S. v. Martinez*, 2015 WL 77421 (9th Cir. Jan. 7, 2015)(guard at federal penitentiary convicted under 18 U.S.C. § 2243(b) of six counts of sexual abuse of inmates).  Under the unique facts of this case, however, the Defendant was not employed as a guard, the jury was not asked to find that he exercised custodial authority, and the issue of consent was not tendered to the jury because consent was not a defense to the offense.  Accordingly, under the facts of this case, the Defendant is not required to register.  The Court declines its discretionary authority to require registration, because under the unique facts of this case, it is unlikely that the Defendant will be allowed to work near inmates, and there has been no indication that he poses a threat to minors or any other adults.[1]

SIGNED this 27th day of January, 2015.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Given the disposition of this matter, the Court does not address the Defendant's due process challenges.